# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,                               No. CIV S-06-0849-MCE-CMK

    Plaintiff,

  vs.                                           ORDER

GUST KEPREOS, et al.,

    Defendants.

_____/

       Plaintiff brings this action for damages, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Pending before the court is plaintiff's motion for leave to amend the complaint (Doc. 14), filed on June 26, 2006.  Plaintiff has submitted a proposed first amended complaint.

       The Federal Rules of Civil Procedure provide that a party may amend his or her pleading ". . . once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to

amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiff previously sought leave to amend the complaint by motions filed on May 24, 2006, and June 9, 2006.  In plaintiff's first motion for leave to amend (Doc. 9), plaintiff stated that he wants to amend the complaint to: (1) reflect new claims which have accrued since the original complaint was filed; (2) reflect dismissal of defendant Cove Mobile Villa due to a settlement; and (3) reflect substitution of Billy Warner as a fictitiously named defendant.  In his second motion for leave to amend (Doc. 12), plaintiff stated that, in light of the court's dismissal of Count III, he wants to further amend the complaint to re-allege Count III as a state law claim based on willful infliction of emotional distress. Plaintiff, however, failed to submit with either motion a single complete amended complaint.  The court denied leave to amend, without prejudice to re-filing one single motion to amend, setting forth all the changes outlined above, along with one proposed first amended complaint.  Specifically, plaintiff was advised that, to accomplish the elimination of Cove Mobile Villa as a defendant, the proposed first amended complaint should simply not list such defendant.  To accomplish substitution of Billy Warner for a fictitiously named defendant, plaintiff was also advised that the proposed first amended complaint should simply name such defendant in the caption.  Finally, as to the new claims, including the re-alleged Count III, plaintiff was advised that the proposed amended complaint should simply set out all of plaintiff's claims.

In the current motion for leave to amend, plaintiff has set forth all the changes outlined above.  Plaintiff has also submitted a single proposed first amended complaint.  Good cause appearing therefor, plaintiff's motion for leave to amend will be granted and the Clerk of

the Court will be directed to file the first amended complaint. The Clerk of the Court will also be directed to update the docket for this case to reflect elimination of Cove Mobile Villa as a defendant and substitution of Billy Warner as a named defendant.

      Because the action appears appropriate for service on all defendants named in the first amended complaint, plaintiff will now be required to comply with the service obligations originally set forth in the court's May 9, 2006, order. Specifically, consistent with plaintiff's in forma pauperis status, plaintiff will be forwarded forms for service of this action by the United States Marshal, which plaintiff will be required to complete and return to the court, along with other documents as specified below. Plaintiff is warned that failure to comply may result in dismissal of this action for lack of prosecution. See Local Rule 11-110.

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's motion for leave to amend (Doc. 14) is granted;

      2.    The Clerk of the Court is directed to file the proposed first amended complaint, which is attached to plaintiff's June 26, 2006, motion;

      3.    The Clerk of the Court is further directed to update the docket to reflect that Cove Mobile Villa is no longer a defendant and that Billy Warner is a named defendant;

      4.    Service of the first amended complaint is appropriate for the following defendant(s):

            GUST KEPREOS,

            BRUCE HULL,

            WILLIAM WARNER,

            "TODD" WARNER,

            KENNETH BOTTOMS,

            DAVID KIRCHUBEL, and

            BILLY WARNER;

///

       5.      The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the first amended complaint; and

       6.      Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

      a.      The completed Notice of Submission of Documents;

      b.      One completed summons;

      c.      Seven completed USM-285 form(s); and

      d.      Eight copies of the endorsed first amended complaint.

DATED: July 14, 2006.

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER T. HARRELL,<br>    Plaintiff,<br>  vs.<br>GUST KEPREOS, et al.,<br>    Defendants.<br>_____/ | No. CIV S-06-0849-MCE-CMK<br><br>ORDER |

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;
    ____    completed USM-285 form(s); and
    ____    copies of the first amended complaint.

DATED: _____                      _____
                                                                         Plaintiff