1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER T. HARRELL,                    No. CIV S-06-0849-MCE-CMK

12                Plaintiff,

13        vs.                             ORDER

14   GUST KEPREOS, et al.,

15                Defendants.

16   _____/

17          Plaintiff brings this action for damages, invoking this court's diversity jurisdiction

18   pursuant to 28 U.S.C. § 1332.   A status/scheduling conference was held in this matter on

19   January 16, 2007, at 10:00 a.m. before the undersigned.  Plaintiff Peter T. Harrell, who is

20   proceeding pro se, failed to appear.[1]  No defendants appeared.[2]  Despite the failure of any party

21   to appear at the status/scheduling conference, the court now addresses a number of matters in

22   _____

23        [1]    Based on plaintiff's January 22, 2007, filing, it appears that plaintiff was under
     the mistaken impression that the status/scheduling conference was set for January 30, 2007.

24

25        [2]    Defendant Gust Kepreos waived service on August 19, 2006.  Defendants Todd
     Warner, Bruce Hull, Billy Warner, and William Warner were personally served on October 24,
     2006.  The remaining two defendants – Kenneth Bottoms, David Kirchubel – have not been
26   served.  No defendant has entered an appearance in this court.

                                             1

1  this case.

2          First, as to the withdrawal of James A. Wallan as counsel for defendants, the court

3  notes that Mr. Wallan's April 27, 2006, declaration in support of his motion to withdraw did not

4  satisfy all the requirements of Eastern District of California Local Rule 83-182(d).  Specifically,

5  the rule requires that counsel: (1) provide the court with the addresses of the clients; (2) serve his

6  motion on the clients; and (3) state the efforts counsel made to notify the clients of the motion.

7  In this case, Mr. Wallan's declaration does not reflect the address of the defendants or that his

8  motion was served on the defendants.  For the good of the record, Mr. Wallan will be required to

9  submit a supplemental declaration to satisfy the requirements of Local Rule 83-182(d).  If a

10 proper supplemental declaration is submitted, Mr. Wallan's withdrawal will be ratified without

11 further order of the court.  Otherwise, the order granting the motion to withdraw will be vacated.

12          Second, the court observes that plaintiff has obtained entry of default as to the

13 five  defendants who have been served or waived service.  Default was entered by the Clerk of

14 the Court on January 23, 2007.   Because this action proceeds on an amended complaint, Federal

15 Rule of Civil Procedure 15(a) governs the time for filing a response.  Under Rule 15(a), "[a]

16 party shall plead in response to an amended pleading within the time remaining for response to

17 the original pleading or within 10 days after service of the amended pleading . . . unless the court

18 otherwise orders."  As discussed in more detail below, the court is not satisfied that it has subject

19 matter jurisdiction over this case.  Therefore, in the interest of justice, the court hereby

20 "otherwise orders" that all defendants are relieved of the obligation to respond to the amended

21 complaint pending further order of the court.  This order will be made nunc pro tunc to January

22 22, 2007, and the Clerk of the Court will be directed to set aside the defaults entered on January

23 23, 2007.

24 / / /

25 / / /

26 / / /

                                                                 2

1   　　　　　Third, on November 28, 2006, plaintiff filed a document entitled "Memorandum"

2   in which he seeks clarification and modification of the court's October 30, 2006, order.  In this

3   document, plaintiff states that ". . . on 10/30/2006, the Court ordered Plaintiff to complete the

4   service of process, inclusive of the Amended Complaint, and additional procedural papers upon

5   the remaining defendants."  Plaintiff complains that this requirement is not consistent with the

6   Federal Rules of Civil Procedure which, according to plaintiff, require that "all In Forma

7   Pauperis Plaintiffs must have their Complaints, Summons, and other process served by the US

8   Marshal. . ."  Plaintiff also states that he ". . . is prohibited by Rule from effecting his own

9   service of process in compliance with the Court's 10/30/2006 Order."  Based on plaintiff's

10   memorandum, it appears that he has not complied with the October 30, 2006, order.

11   　　　　　Addressing plaintiff's request for clarification of the October 30, 2006, because

12   the United States Marshal had already been provided with adequate copies of the first amended

13   complaint, plaintiff will be relieved of the obligation to serve copies of the first amended

14   complaint on any defendant.  As to the remaining requirements in the October 30, 2006, order –

15   that plaintiff serve a copy of the order and the court's consent form on defendants – plaintiff's

16   memorandum demonstrate a misunderstanding of the applicable statutes and rules.  While

17   plaintiff is correct that the in forma pauperis statute provides for service of process by the United

18   States Marshal, nothing in the October 30, 2006, order requires plaintiff to "effect his own

19   service."  To the contrary, the order specifically states that plaintiff's obligations as to the then-

20   unserved defendants did not trigger until <u>after</u> the United States Marshall had completed service

21   of process pursuant to the court's August 2, 2006, order.  As to defendant Kepreos – who had

22   already waived service of process as of the date of the October 30, 2006, order – plaintiff was

23   simply directed to serve documents by mail.  Neither requirement contained in the order imposed

24   upon plaintiff – who has been granted in forma pauperis status – any obligation concerning

25   service of process.

26   / / /

1        Therefore, plaintiff will still be required to meet the remaining obligations set out

2  on the October 30, 2006, order.  Specifically, plaintiff will be required to serve on each

3  defendant, within 10 days after service of process by the United States Marshal, or within 10

4  days from the date of this order as to the five defendants who have been served, a copy of the

5  October 30, 2006, order, a copy of this order, and a copy of the form "Consent to Proceed Before

6  United States Magistrate Judge," and shall file with the court a certificate reflecting such service

7  as to each defendant.

8        Fourth, plaintiff shall show cause, in writing, why this action should not be

9  dismissed in its entirety for his failure to appear at the January 16, 2007, status/scheduling

10  conference.  Specifically, plaintiff shall explain why he thought the conference was set for

11  January 30, 2007, despite the October 30, 2006, order which confirms the January 16, 2007,

12  hearing date.

13        Finally, as mentioned above, the court is not satisfied that it has subject matter

14  jurisdiction over this case.  Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court must

15  dismiss an action when it appears that it lacks subject matter jurisdiction.  In this case, plaintiff is

16  invoking this court's diversity subject matter jurisdiction.  There is no dispute that all defendants

17  are residents or citizens of California.  In order to invoke diversity jurisdiction, plaintiff alleges

18  that he is a citizen of Oregon.  Specifically, plaintiff alleges:

19
20
21
22
23
        At all times material, Plaintiff was a citizen of the United States, and the State of Oregon and subject to their jurisdiction.  Plaintiff is an interstate exchange student attending College of the Siskiyous in Weed, and Yreka, California, via an agreement with Southern Oregon University. During the school year, in exchange for housing, Plaintiff provided personal care and assistance to Kimberly Olson, a disabled person and resident of unit #50 in the Cove Mobile Villa mobilehome park located in Yreka, California.

24  The court's dockets in this case and plaintiff's other actions reflects, however, that plaintiff has

25  lived continuously for the past several years in Yreka, California.   It thus appears that plaintiff

26  is, in fact, a resident of California and, therefore, that diversity of citizenship does not exist.

1  Because this action raises only state law claims, if diversity does not exist, the court would be

2  required to dismiss this action without prejudice to proceeding in a state court of general

3  jurisdiction.

4          Plaintiff shall also show cause, in writing, why this action should not be

5  dismissed for lack of subject matter jurisdiction.  Specifically, plaintiff shall attach to his

6  declaration a copy of his driver's license, a copy of his voter registration card, a copy of the

7  above-referenced agreement with Southern Oregon University, and copies of his employment

8  records such as pay stubs.  Plaintiff shall also provide the court with his current Oregon address,

9  a statement as to the status of his education, and the names and addresses of anyone who lives

10  with plaintiff in Oregon.  Following submission of plaintiff's response to this order to show

11  cause, the court will determine whether a hearing is necessary to explore jurisdiction.

12          Plaintiff is cautioned that failure to comply with any portion of this order could

13  result in dismissal of the entire action for lack of prosecution and failure to comply with court

14  rules and orders.  See Local Rule 11-110.

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.      Mr. Wallan shall submit a supplemental declaration consistent with Local

17  Rule 83-182(d) within 30 days of the date of this order;

18          2.      Pursuant to Federal Rule of Civil Procedure 15(a), defendants are relieved

19  of their obligation to file a response to the amended complaint, nunc pro tunc to January 22,

20  2007;

21          3.      The Clerk of the Court is directed to set aside the defaults entered on

22  January 23, 2007;

23          4.      The court's October 30, 2006, order is clarified and/or modified as set

24  forth herein;

25  / / /

26  / / /

5.      Plaintiff shall serve on each defendant, within 10 days after service of process by the United States Marshal, or within 10 days from the date of this order as to the five defendants who have been served, a copy of the October 30, 2006, order, a copy of this order, and a copy of the form "Consent to Proceed Before United States Magistrate Judge," and shall file with the court a certificate reflecting such service as to each defendant.

6.      Plaintiff shall show cause, in writing, why this action should not be dismissed for plaintiff's failure to appear at the January 16, 2007, status/scheduling conference and for lack of subject matter jurisdiction;

7.      The Clerk of the Court is directed to forward to plaintiff copies (one for plaintiff plus one for each defendant) of the form "Consent to Proceed Before United States Magistrate Judge;" and

8.      The Clerk of the Court shall serve a copy of this order on Mr. Wallan at 717 Murphy Road, Medford, OR 97504.

DATED:   January 24, 2007.


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE