IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL, | No. CIV S-06-0849-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| GUST KEPREOS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff brings this action for damages, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pending before the court is plaintiff's response (Doc. 38) to the court's January 25, 2007, order to show cause (Doc. 36). In his response, plaintiff also seeks disqualification of the undersigned. Also before the court is a supplemental motion to withdraw filed by attorney James A. Wallan.[1] Plaintiff's document entitled "Memorandum and Request for Review" (Doc. 41), which is construed as a motion for reconsideration of prior court orders, will be presented to the district judge assigned to this case and addressed by separate order.

---

[1] Mr. Wallan has submitted a motion for an extension of time to allow his supplemental declaration to be filed late. Good cause appearing therefor, that motion will be granted.

1

A status/scheduling conference was held in this matter on January 16, 2007, at 10:00 a.m. before the undersigned. Plaintiff Peter T. Harrell, who is proceeding pro se, failed to appear. As a result, on January 25, 2007, the court directed plaintiff to show cause why this action should not be dismissed for lack of prosecution. The January 25, 2007, order also directed plaintiff to show cause regarding this court's diversity jurisdiction. Finally, as to the withdrawal of attorney James A. Wallan as counsel for defendants in this case, the January 25, 2007, order noted defects in Mr. Wallan's initial declaration submitted in support of withdrawal. The court directed Mr. Wallan to submit a supplemental declaration to cure the defects.

As to the withdrawal of James A. Wallan as counsel for defendants, Mr. Wallan's April 27, 2006, declaration in support of his motion to withdraw did not satisfy all the requirements of Eastern District of California Local Rule 83-182(d). Specifically, Mr. Wallan's declaration does not reflect the address of the defendants or that his motion was served on the defendants. Mr. Wallan has cured these defects in the supplemental declaration filed on April 9, 2007. Therefore, the court affirms its prior grant of Mr. Wallan's motion to withdraw.

With respect to plaintiff's non-appearance at the January 16, 2007, hearing, plaintiff has responded to the court's order to show cause. Plaintiff states that his failure to appear was the result in inadvertence and lost documents. Good cause appearing therefor, the order to show cause regarding plaintiff's non-appearance will be discharged.

As to this court's subject matter jurisdiction based on diversity of citizenship, plaintiff has also responded to the order to show cause. Based on the documents attached to plaintiff's response, the court is satisfied that it has subject matter jurisdiction over this case. The order to show cause will, therefore, be discharged in its entirety.

Next, the court addresses plaintiff's motion for disqualification of the undersigned. Plaintiff's motion is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of

2

any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34. In plaintiff's request for disqualification, he asserts orders issued by the undersigned reflect a personal bias against him. The court's rulings, however, are insufficient to show bias. Plaintiff's request for disqualification will, therefore, be denied.

Finally, the record demonstrates that all defendants have now been served. The court will, therefore, establish a due date for defendants to respond to the amended complaint. The court will also set a further status/scheduling conference

Accordingly, IT IS HEREBY ORDERED that:

1. Mr. Wallan's motion for an extension of time (Doc. 43) to submit a supplemental declaration is granted;

2. The court affirms the May 9, 2006, order granting Mr. Wallan's motion to withdraw;

3. The Clerk of the Court is directed to terminate Doc. 42 as a pending motion;

4. The court's January 25, 2007, order to show cause is discharged in its entirety;

5. Plaintiff's request of disqualification of the undersigned is denied;

      6.     Defendants, who have all now been served with process, shall file a response to plaintiff's amended complaint within 40 days of the date of this order;

      7.     Within 10 days of the date of this order, plaintiff shall serve a copy of this order on each defendant and shall file with the court a certificate reflecting such service;

      8.     A further status/scheduling conference is set for August 21, 2007, at 10:00 a.m. in Redding, California;

      9.     All parties shall appear by counsel or in person if acting without counsel; and

      10.    The parties shall submit to the court and serve by mail on all other parties, no later than seven days before the status/scheduling conference, a status report addressing the following matters:

          a.   Service of process;

          b.   Possible joinder of additional parties;

          c.   Any expected or desired amendment of the pleadings;

          d.   Jurisdiction and venue;

          e.   Anticipated motions and the scheduling thereof;

          f.   The proposed discovery plan developed pursuant to Federal Rule of Civil Procedure 26(f);

          g.   The potential for settlement and specific recommendations regarding settlement procedures and timing, including whether a settlement conference should be scheduled and if so when, and whether referral to the court's Voluntary Dispute Resolution Program (<u>see</u> Local Rule 16-271) is appropriate in this case;

          h.   Future proceedings, including setting appropriate cutoff dates for discovery and law and motion and the scheduling of a pretrial conference and trial;

          I.   Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

1            j.  Whether the case is related to any other case, including matters in
2 bankruptcy;
3            k.  Whether the parties will stipulate to the magistrate judge assigned to
4 this matter acting as settlement judge and waiving any disqualifications by virtue of his so
5 acting, or whether they prefer to have a Settlement Conference before another judge; and
6            l.  Any other matters that may add to the just and expeditious disposition
7 of this matter.

9 DATED:  May 24, 2007.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE