# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,                 No. CIV S-06-0849-MCE-CMK

     Plaintiff,

  vs.                               <u>ORDER</u>

GUST KEPREOS, et al.,

     Defendants.

_____/

        Plaintiff brings this action for damages, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

        On July 16, 2007, the Clerk of the Court properly entered the defaults of all defendants for failure to appear in this action. Therefore, the further scheduling conference set for August 23, 2007, at 2:00 p.m., before the undersigned in Redding, California, will be vacated.

        The docket reflects that, on July 24, 2007, plaintiff filed a request for entry of default judgment by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(b)(1). Because this action involves common law tort claims, the damages sought are necessarily unliquidated (i.e., not for a "sum certain"). While the factual allegations in the complaint are

1

taken as true upon entry of default, those relating to the amount of damages are not. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); see also Fed. R. Civ. P. 8(d). Default judgment cannot rest solely upon the allegations of damages contained in the complaint. Therefore, entry of default judgment by the Clerk of the Court under Rule 55(b)(1) is not appropriate. Rather, the court is required to determine the amount of damages. See Fed. R. Civ. P. 55(b)(2).

Upon review of plaintiff's July 24, 2007, affidavit in support of entry of default judgment, the court notes that plaintiff simply restates the amount of damages alleged in the complaint. As noted above, this in insufficient for entry of default under Rule 55(b)(2), which applies to this case. Therefore, plaintiff will be required to submit further affidavits in support of the damages sought by default. In particular, plaintiff must demonstrate how the admitted liability of the defaulting defendants caused him to suffer damage in the amounts claimed. If necessary, the court will set a date and time for an evidentiary hearing. Otherwise, the court will review plaintiff's affidavits and enter default judgment in an amount that is reasonable.

Accordingly, IT IS HEREBY ORDERED that:

1. The further scheduling conference set for August 23, 2007, at 2:00 p.m. is vacated;

2. The Clerk of the Court shall not enter default judgment under Federal Rule of Civil Procedure 55(b)(1); and

3. Within 30 days of the date of this order, plaintiff shall file affidavits in support of damages.

DATED: July 26, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE